All right, we're going to first proceed right through the normal order here and we'll start with Diaz versus Bondi and Ms. Grafton, I think you're up first and we'll hear from you. Thank you, your honor. Good morning and may it please the court. My name is Rebecca Grafton and I represent the petitioner Benjamin Sandoval Diaz in this case. The petitioner is before this court seeking remand of his application for cancellation of removal for non-permanent residence, which was erroneously pre-terminated by the immigration judge on a finding that the petitioner admitted to having committed a crime, specifically possession with intent to sell or deliver a controlled substance. As part of that application- Let me just stop you right there because it gets to the heart of the question. You phrased it as he had admitted to a crime and I think the statute says he would have admitted to conduct which constituted a crime. He can admit to a crime too, but I think this also provides that he can admit to conduct which constitutes a crime and of course that's what happened in this case. Your honor, the judge held that he admitted to acts that constitute the essential elements, which would be what the statute reads under 1182 and I think that's a critical part of this case is the essential elements of the underlying charge. We would argue that for two reasons, the immigration judge erred in his finding. One, in that he failed to comply with long-standing board case law from the 1950s that still stands as true from matter of K requiring that the petitioner be provided with each essential element of the crime and admit unequivocally to each essential element of the crime in order to fall within the category of persons described under 8 U.S.C. 1182A2 and here it's clear. Let me ask you on that. Originally, one of the aspects that had to be admitted was the actual crime and a subsequent case deleted that element. I think it was maybe K or whatever deleted that element. In doing so, they left in the elements aspect, which makes it a little ambiguous, but if you go to the statute, the question it seems to me that we have to address is whether he admitted to conduct that constitutes a crime, and the I.J. was very well aware of that in this, but moreover, in this case, the I.J. questioned him about the record, the 21 pages or so that were put in and showed the charges and the elements of the crime and what he pleaded guilty and all that stuff, and so there is no mystery to him what he was being charged with and the elements he was being charged with, but I think the statute only requires factually that the court find that his conduct violated the law and that the I.J. as a matter of law would have to determine whether that conduct violated the crime. It does not require that he admit to a crime appreciating that it was a crime. Respectfully, your honor, 1182A2 offers three ways that a petitioner would fall under that statute. One would be if they were convicted of a crime, which it's clear he was not here. Two would be if he admitted to committing a crime itself, which he never did and the immigration judge nor the BIA made that finding, or this third prong, which is what's before this court, is did he admit to acts that constitute the essential elements of the crime. So what's it? I'm sorry, counsel, I thought, and I want to make sure I understand your argument, I actually made you two arguments, but I thought your first argument at least was almost put to one side, this is what the statute requires, but on top of that, the board has layered a not, it says it's not required by statute, but in our discretion, we have a policy that requires even if all you're admitting to is the acts that constitute the elements, you need the warnings. You get a clear explanation of what those elements are, exactly what it means to say, for instance, yes, I possess drugs, which you might think it's enough that they were in your house. Turns out that's not enough. And the board gave a very careful assessment, even after you no longer had to admit to the legal conclusion and now only to the facts, the board rejected the services argument that the warnings or the explanations were no longer required and they said, you still get them. And I thought your position was the board just departed for no reason from that policy in this case. That's correct, your honor. That's the first of the two positions that the petitioner is setting forth before this court. The first is that this case of matter of K, which is valid, case law that was binding on the immigration judge requires that in order for him to find that the petitioner fell within the classes of persons described under the statute, he would have to be given the essential elements in an understandable manner and he would have had to admit to each and every element. The first case on this point was actually from 1945, which was matter of J. And while the respondent in their brief seeks to quibble about the facts underlying matter of K, where the admission happened, matter of J, the first case on that is actually very similar to what we have here. It was a special inquiry officer that was asking the petitioner in that case or the respondent in that case, whether he had admitted or whether he admitted the elements at that point. And so matter of J was the initial case that created this policy as your honor called it. A matter of EV is the case that comes in after the change in law and says, no, this is still the policy. The only thing we're taking out is the part of the statute that was removed, which is that final legal conclusion. And then we have matter of GM and matter of K, which is the final word from the board on this case is matter of K. These protections stand. This is what it means to admit to having committed the essential elements of a crime. And matter of GM actually goes to the point that judgment Nehemiah had raised earlier, which is, OK, well, did he did he commit the act? And if he committed the act, then did the judge properly fine? And matter of GM rejects that specifically. It's a case where the the respondent in that case, the poor national had admitted to perjury, but he never admitted the essential element of being under oath. And so even though it was clear from the record and matter of GM that he was indeed placed under oath, the board rejected the fact that he'd admitted to committing perjury because he didn't admit that key detail. And in this case, the key detail, the key element is the identity of the substance. And while the immigration judge in his colloquy with the petitioner uses the naming convention of cocaine, much as the police department does in their police report, the actual what should have been used is a clear baggie of a white powdery substance that was never identified in accordance with the record. And had the immigration judge gone through the matter of K and matter of J colloquy with the petitioner and gone through each essential element, he would have asked the direct question, what was the identity of the substance or are you aware of what the identity of the substance was? And we might not be before this court had that question been asked. So when it relates to the matter of- Can I ask you a question? I haven't gone back and checked all those precedents that you cited, but I know some related to out of court admissions made at the border or to officers or whatever. And this admission was made in court. And despite what you say, I think it's pretty clear on the record he admitted to cocaine. I mean, there was several times it was alluded to, probably three or four times that that was the transaction. And the officer is hearing these statements. Not only that, the officer has, the IJ has the record showing his use of the possession. He admitted to use before and after shortly for a short period. So to me, it's unrebutted, basically, that he at least possessed cocaine, which is a controlled substance and would violate both federal and state law. Your argument, I suppose, is sort of harkens to a notion that he has to appreciate it was a crime and admit to the crime part. But that aspect would be counter to the statute, wouldn't it? Your Honor, our argument is not that he needed to know it was a crime. That's not what the statute says. He needed to have admitted each essential element of the underlying controlled substance violation. Well, it says, I don't know. I don't have the exact language out here. I can get it. But I thought it said he admitted to conduct that constitutes a crime. Isn't that the language? Do you have the language there? Your Honor, it's the conduct that constitutes the essential elements. I can grab the statute. Okay. That's fair enough. That's fair enough. And it seems to me... You're talking about a federal crime consistently or a possible state crime as an alternative? What's the case say about that? Well, what's required for it to be a crime for immigration purposes in the federal court is that the state statute matches the federal statute as far as the substances themselves. And so that really actually goes to the point, which is the identity of the substance and the petitioner's admission to the identity of the substance is critical in this case. If the petitioner admitted to the identity of the substance, we might be in a different place and only arguing about whether a matter of pay should have been applied by the immigration judge. However, State v. Ward is the North Carolina case. And there are several cases after that that discuss what constitutes enough evidence to establish the identity of the substance, but the identity of the substance itself is critical. And while the respondent in this case seems to point to other parts of the record, the police report that he was indicted by a grand jury, the Board of Immigration Appeals relates to a plea, which a plea is a completely different situation than what we have here. And so in no way is the record show that the petitioner was ever presented with the essential elements, which include the identity itself of the substance. But he admitted to everything on the witness stand in the presence of his lawyer, what you have. That's an uphill battle, it seems to me. I understand, Your Honor. I think under a matter of K, however, the protections were just not in play. The immigration judge would have been required under the Board of Immigration precedent case law that he was presented with the essential elements, each and every essential element in an understandable way, and he needed to admit to each and every element of the crime, and he did not do that. Well, if I understand the facts in this case, there was a break in the proceedings, and there was an issue about the nature of his conduct and his crime, and the immigration judge subpoenaed the state records, and they got, what, 21 pages of state records documenting the investigation, the reports, the charges, the deal, and what the officer said, all of these things. And the petitioner here saw all that and was questioned about those records. And so here we don't have a situation, we have a situation where he's been with a crime under state law for buying, possessing, and selling cocaine, and it seems to me there's zero chance that he didn't know what was at issue here. That was the whole purpose for the last hearing, is to look at this record and ask him questions about it. And I don't understand why we can suggest that in some way, because the IJ didn't say, you know, the elements of North Carolina crime are as follows, even though the elements are right there in the record, he's being questioned about them with his lawyer. The court found that the facts were admitted, and that those facts as a matter of law constitute that violation. And if you require him to say that, I don't think that's the case. I think it's the IJ case, which had that fifth element, that he had to appreciate the crime as opposed to the, as you pointed out, the acts constituting the elements of the crime. Well, your honor, the petitioner's argument is not that he never admitted to the crime. The petitioner's argument is that he did not admit one of the essential elements of the crime, which was the identity of the substance. And I understand that the he's describing this white powdery substance. But if you look at the record itself, the petitioner had this white powdery substance in his possession for four hours, according to his own testimony and according to the police report. If I was holding a bag of a white powdery substance in front of you, your honor, and you asked me whether it was or wasn't cocaine, I may not know the answer to that, depending on where I got it from or what the history of the substance was, which is why we have this whole long line of state cases in North Carolina about when there is enough evidence on the record to establish the identity of the substance itself. Well, let me ask you this. Here we have, this is the question. Did you ever procure any cocaine? No, only the one day. Question, did you ever obtain any cocaine, possess it, sell it, or deliver it to another person? Only that time. How much cocaine did you obtain? It was three and a half grams. And who did you obtain the cocaine from? That guy known by the nickname 300. Tell me his real name. I don't know it. Do you know what his real name is? No, sir. Goes on and says, have you ever used cocaine, Mr. Sandoval? Yes, sir. When? Once while before all this happened, when the time you used cocaine, a few days after I was arrested. When was that? 2014. You said a few days before or after you were arrested? Before. So now we have what, about 10 questions, all related to cocaine and possession of cocaine and use of cocaine. And he answers yes to those questions. I don't know where we look with the English language, if that's not an admission that he possessed. Can I ask something? Because I think it seems to me there are two ways the agency could have approached this case. And I think what Judge Niemeyer is outlining would have been an approach that says, look, they satisfied matter of K. Like he might not have formally said, here are the elements, but that was wrapped up in the questioning. Like the questions actually were the elements. He sat us close enough. He satisfied matter of K. But that's not what the agency said. The agency said just this one time, we're not going to apply matter of K for a complicated, I actually can't figure out what the rule is under these two opinions for when matter of K applies and when it doesn't. But for whatever reason, they just said, we're not applying it here. It's not necessary here because no one was trapped. Those to me seem like two different approaches. And I don't know that we are at liberty to adopt the first one, because it's not what the agency said. I mean, that's the agency could do on remand, I guess. But they didn't say this satisfies matter of K in substance. They said, we just don't think matter of K applies here. I see that I'm out of time, but may I answer the question briefly? Of course. Of course. Thank you, Your Honors. I agree with you, Judge Harris, that the matter of K protocols are in play. It was presidential case law that should have been binding on the immigration judge when he was making his determination. And the finding from both the immigration judge and the Board of Immigration Appeals is offering a list of reasons why the immigration judge didn't need to apply matter of K. And this whole issue of whether the petitioner did or did not admit to cocaine when it's worded in the question, but not a direct question of, do you have knowledge that it was, in fact, cocaine, highlights the importance of matter of K, matter of J, and its progeny, where if each essential element is listed out for the petitioner, the petitioner is given an opportunity to have clarity on the record about whether he does or does not admit to that essential element, which is the identity of the offensive. Thank you, Your Honors. Thank you. All right. Mr. Bader, we'll hear from you. Thank you. Thank you, Your Honors. Good morning. This is Samir Bader representing the respondent, U.S. Department of Justice, Office of Immigration Litigation. May it please the court. The agency correctly found in this case, Your Honors, that while testifying in immigration court, the petitioner admitted having committed the essential elements of a controlled substance violation, therefore rendering him ineligible for cocaine. But to do that, right, the agency also found matter of K does not apply in these circumstances, and that's why it wasn't necessary to go through the explanation. And I will tell you my central concern about this case, and I want to give you a chance to respond. I don't think it is possible to read matter of K as anything but what we call a prophylactic rule. Matter of K says you have to give this explanation in every case. And we are adopting these rules for the purpose of ensuring that the alien would receive fair play and to preclude any possible later claim by him that he had been unwittingly entrapped into admitting the commission of a crime. That's a prophylactic rule. Give it in every case because we don't want to have exactly this kind of fact-specific conversation in every single case about when we look at all of the circumstances, was he entrapped or not? It's a prophylactic rule. And then the agency just turns around in this case and says, no, it's not. All matter of K requires is that nobody be entrapped. And when we look at all of the circumstances, we don't see entrapment here. And I cannot for the life of me figure out how that can be deemed a interpretation of matter of K versus just a change in policy. And the agency can change this policy but not in a one-off BIA opinion. If it wants to change it, it can explain why it is changing its policy. It can adopt a new authoritative construction of what is required in these cases. But this is just a one-off ad hoc, never mind, we're not applying matter of K. And that is my concern. Your Honor, respectfully, if I may address your point, I take your point. I understand what you're saying. I do respectfully disagree as to what the agency found. I really think if you read the decision, the agency properly reasoned that the procedural safeguards under matter of K are certainly required in some context. The context of matter of K is absolutely important here. It was certain out-of-court admissions absolutely require these procedural safeguards that the board, you know, laid out in matter of K. But only in the context of, first of all, the government meeting its burden to establish removability. And more broadly, it makes it clear where do you, can you tell me, point me to language in matter of K, matter of J, EV, that says this rule only applies when the burden of proof is on the government. I would say, Your Honor, that the context was, that was the fact in those cases. Right. But once, but once you're introducing a prophylactic rule, I mean, Miranda is like the most obvious example. We know what the facts were in Miranda. But once you say you have to give this explanation in every case, I don't see how you turn around and say, well, not if the facts aren't the same. Like that's the whole point of a prophylactic rule. Again, Your Honor, I do take issue respectfully with the prophylactic rule. I think the concept is for certain out-of-court statements cannot be used to justify subsequently later for the government to use those out-of-court statements to then, so to speak, entrap or spring upon a petitioner that, oh, hey, by the way, you're removable from the country. Right. The idea is to protect a petitioner from potentially falling into this situation where they're unwittingly entrapped or don't receive some kind of fair play. Now, those that was the context in matter of K and its progeny. But the board is well within its rights to clarify that in those contexts that those procedural safeguards should apply. But here the context is literally the exact opposite. You're it's not you're not out of court. You're in court. You're with an attorney and you're seeking to establish your eligibility for relief. The government has already established separate and apart from your criminal history that you're removable. So we're well beyond that. We're now in the stage where the the petitioner is proactively, voluntarily making statements with an attorney under oath directly before the trier of fact, the immigration judge, and trying to establish that he deserves the immigration benefit that he's applying for. Can I ask you just a factual question? I do appreciate your argument. So your point is, no, this is a reasonable interpretation. We should get some deference. Can you tell me just as a factual matter, so is it now the agency's position and practice that in all cases where the petitioner has the burden of proof, the matter of K explanation is not given? Because that also does not seem to be consistent. I mean, is this opinion good for this case only? Or is this is it your understanding that this is now consistent agency practice, that matter of K explanations are not given? And I think it would do all the things have to be present. It's a lawyer, you have the burden of proof and shoot, there was a third thing. The out of court statement. I think the main thing was in K, and this is what the BIA, I mean, what the board said, the BIA said is that matter of K is a protection applicable to out of court statements. Is that the agency's consistent position matter of K is no longer provided in the context of removal proceedings? Because that is not my understanding. There are cases out there applying matter of K to removal proceedings. So what is the agency's practice now? Your Honor, just to be clear, when you can't talk about removal proceedings, again, I do want to emphasize- I'm sorry, in court statements during removal proceedings. Is it the agency's position now that those are no longer given in that context? Yes, Your Honor, I understand your question. And just to be clear, it is a bit nuanced only because there are certain cases where perhaps the removability has not been established, right? So if it's- So you're going back to the burden of proof. So Judge Niemeyer has not described the agency's position. You need both the burden of proof and the lawyer before matter of K is not given? I don't, I mean, I certainly don't want to speak beyond the bounds of the agency's decision in this case. I don't want to- Well, but I guess I'm asking you to tell me, this is a one-off, one BIA judge decision. Has this now become the agency's position or not? Was it only applicable in this case, or is this the agency's position going forward? I think the agency's- I think, with respect to your Honor, I would not characterize this as a one-off. I think the agency has made clear that in cases where removal has already been established, he's actively seeking- Which cases? In which cases should I look at for that? Your Honor, I'm simply saying that in this case, the board has clarified that. And your Honor, I just want to say that, I mean, in terms of line of cases, I appreciate that the matter of K and the progeny of it from around 70 years ago, which is still good law, to be clear, is in a specific context that the board is reasonably within its right to clarify that the facts of this case differ. And your Honor- I'm truly just asking a factual question. Can you just represent to me that from now on, this is agency policy? I'm not going to find out tomorrow that someone was sitting in their removal proceedings with a lawyer and was given the matter of K explanation. This is now board policy. This is what we do as a matter of practice. I think when you are under oath with an attorney and you're establishing your eligibility for relief, I certainly think there's no- I cannot see a situation where the agency would find that you would still need to apply the matter of K safeguards. And to be clear, your Honor, a lot of circuits have not opined on this. If you say it needs to be complied with, is the government taking a position that it needs to be substantial compliance or absolute compliance or just a bit of compliance? In what you mean by compliance? Yes, your Honor. I think what I mean by- well, I don't think that the board does not give a matter of degree in which you must comply if, in fact, those situations- or not comply. It simply says that the procedural safeguards are not required, full stop, when you are under oath with an attorney and removability has already been established. Those are the three key findings of the agency. And I think they are quite reasonable. And the Ninth Circuit has, in fact, supported the board in this in the past. So I would urge the Fourth Circuit, respectfully, to take the opportunity to join the Ninth Circuit in finding that when you are under oath and with an attorney and removability has already been established, that you absolutely no longer need the safeguards under a matter of K. Has anyone considered the proposition that those drug prosecution statutes have been amended over the years? And you're talking about a case from, what, 1957 or something? Yes, your Honor. It is quite old. It's a nearly 70 years old matter of K and 69 years old, to be exact. I think- In Section 841, how long- when was it adopted? I'm sorry, your Honor? When was Section 841 of the Title 21 adopted? Do you know? I do. That makes a criminal offense to possess or distribute cocaine or controlled substances. It says controlled substances. But the statutes are worked over by the Congress. Yes, your Honor. How does the board deal with all that? Well, your Honor, again, you know, statutes are- Yes, your Honor, go ahead. It seems to be substantial compliance or something like that. Again- If you've got a lawyer, there's more leeway given. Your Honor, I mean, potentially, but it is a hypothetical that I just don't think was addressed in this case. I'm not saying that would not be the case, but I just don't think that was addressed in this case. And I do want to emphasize, again, the board itself clarified, big picture, why matter of K exists. Those were the two biggest concerns. Whether the party, the petitioner, excuse me, could subsequently be unwittingly entrapped into a statement that constitutes an admission, where he doesn't really fully understand that the significance of his statements at the time, outside of an immigration context, could potentially, you know, have immigration consequences. So the big concern is really receiving fair play. And the board, within its reason, stepped in and said, absolutely not in this case, you're under oath, you're before the immigration court, you have an attorney, and you've already- and removability has already been established. You know you're subject to being removed from the country. You're just trying to establish your eligibility for a certain immigration benefit. So the context is literally completely opposite for matter of K. And I think that that's what the agency says. So I just want to- The test that the board sponsors is fair play. That is- I'm sorry, Your Honor, could you repeat that? Fair play is the rule? The rule is the overall concern of the agency in matter of K was that the petitioner receives fair play and is not unwittingly entrapped, or could potentially be unwittingly entrapped, regarding removability. And you have to understand that the line of those cases in matter of K was situations where the petitioners left the country, tried to come back in, and all of a sudden, they had an immigration officer at the border using previous statements they made outside of an immigration context, such as to a police officer, to say, hey, wait a minute. You can't come back into the country. You're excludable because of what you said to the police officer in the context of a police investigation. That's exactly what the facts were in matter of K. And the board stepped in in matter of K and said, no, no, no. That's too far. There's concern over fair play. There's concern over entrapment. And you need to have these procedural safeguards in place. The case here is literally the opposite. Again, he is in court. Removability has long been established. He is with an attorney. And that's why the board reasonably said we have to distinguish these two cases. I really am just trying to get my hands around how this opinion sort of fits into the board's overall approach. Are you aware of any opinions prior to the one in our case that I should be looking at where the board begins to outline this idea that matter of K doesn't apply, the requirements of matter of K don't apply in cases like this? Or I guess any subsequent opinions, which I would not know about, but perhaps there are opinions after this one saying, yes, this is pointing to this opinion and saying, yes, this is now how we do it. Your Honor, I do appreciate your question. I just want to note to Your Honor that I think just from a practical standpoint, the reason why this case is rather significant, and I urge the circuit to adopt what the Ninth Circuit has already found is because we often don't see an immigration law admissions being, you know, the forefront of the issue. Quite frankly, most cases involve convictions on the record. And it's rather rare for someone to go into an immigration court and admit that they actually, you know, committed all the elements of the crime. Okay, so the answer is no, but the reason is because this doesn't come up very often. It does not come up very often. And I would point to that because other circuits, other than the Ninth Circuit, the government did extensive research on this. Really, the Ninth Circuit is the circuit that has really dealt with matter of K. I did read all those cases. There's the one big one that has reasoning, but that's kind of a split victory for you, because they do say matter of K applies in some of those circumstances, just even outside, even you sort of won one and lost one in the one that has the reasoning. And then the rest of them, there's like an unpublished one and one that just sort of says it. But again, I guess, which Ninth Circuit opinion would you point me to that would sort of best explain your point of view? Yes, Your Honor, there are three cases. With regard to being under oath and with an attorney, the Ninth Circuit explicitly supported the board in URZUA 2007. That was a published decision where it also agreed with the board that in cases where you are under oath and we have an attorney president. Was that the crime of moral turpitude case or was that the one that was a different crime? I believe that was. I believe URZUA was alien smuggling was the statute. Yeah. Yeah. But it was an admission as opposed to a conviction plea. So he simply admitted having participated or assisted in alien smuggling. And therefore, the United Circuit stepped in and said, that's it. You're with an attorney. You're clearly under oath and you're voluntarily making these statements. You know, it's ballgame over. You do not need the matter of procedural safeguards. I would also point to Rodriguez, Your Honor. Yes, that was an unpublished case, but that was specifically for controlled substances, as well as an admission, not a guilty plea or conviction. Again, the Ninth Circuit said, absolutely, you do not need matter of procedural safeguards. And finally, I would also point, Your Honor, to Pascagouin 2002. Yeah, that case, the Ninth Circuit also sided with the agency regarding the distinction between establishing removability, the government's burden to do so versus eligibility for an immigration benefit after the fact. But I'm sorry, even though the burden was on the petitioner, they did say you have to give the matter of K warnings if you're talking to the INS inspector. Right. I mean, I think it's right. So they didn't adopt a blanket rule that they did not adopt the rule that once the burden has shifted, we don't have to do matter of K. Well, in that case, you're talking about they found that statements made to an INS officer when the government had yet to establish that he was removable. And that's why they came down, you know, quote, unquote, against the government. Because again, we were on the other side of the fence, the government had yet to establish his removability or, in that case, actually excludability because it was an older case. But in any case, that was the big distinction why you could potentially view that I understand why you might view that as, you know, different or perhaps even a quote, unquote, you know, the uphill battle for the government. But again, I said you had to the matter of K. Absolutely said you had to give the procedural safeguards. But again, it is because the is the room ability had not been established yet. Yeah. So there are really three strong Ninth Circuit cases that really support the agency's finding here. And I again, not a no, I found no other circuit that has that has actually opined on this issue. And I think the reason is because you just don't see admissions come up nearly as frequently as convictions. All right, anything further? No, your honor. I have nothing to say further. If your honors don't have any questions, but I would, you know, again, my my points are that the board absolutely was well within its right to properly reason why the procedural safeguards should not apply for a matter of K in this case and in cases like it. The Ninth Circuit has certainly weighed in and opined. And I would just say with regard to what opposing counsel said, I just want to clarify that there is a difference between having to admit that he knew what he possessed versus knowing that these the identity of the specific substance under North Carolina law, the petitioner, as long as he never contests his, quote unquote, guilty knowledge that he knew the substance was cocaine, that that is enough under the North Carolina jury instructions that require that don't require converting that guilty knowledge of what you possess into an essential element that must be proved beyond a reasonable doubt. So I do want to make that distinction and really hit And also, last thing I will say, your honors is to support that the record is, as your honor noted, it's it's full of examples. There's a bit in the there's at least 13 references to the specific substance being cocaine, including one time by the petitioner himself, when the immigration judge asked him why he thought the security guard wouldn't would know where to get the cocaine. He responded the petitioner because the owner of the car, his client told him that he was in the mouth, excuse, you know, to be to be explicit about it. He clearly had 13 instances of the word cocaine going back and forth in his exchange with the immigration judge. So I just don't see any way you could petitioner could you could wiggle out of knowing that, in fact, substance was cocaine in this case based on his own admissions and nothing further. Thank you. All right. Thank you. We'll hear from you, Miss Grafton. Thank you, your honor. First, I'd like to go back and answer a question that came up a while ago that I checked on during respondents argument 1182. He does specifically say that it is someone who admits committing acts which constitute the essential elements of the crime. And so the elements are a key point in that. Yeah, thank you. Yeah, that's what I remember. I use the word conduct, but it's acts and which constitute the crime and the elements of the crime and the elements. Yeah. And the IJ found that the facts were and constituted the elements and the BIA affirmed that. The real question was whether some of the other procedural aspects of matter of K were followed. And the BIA explained why it thought matter of K was are required in quite a different circumstance. Out of court statement involving deportation and where the burden was. And the court said that it was distinguishable that principle. That's the word they used. I understand that's what the BIA decided in this case, your honor. However, respectfully, the BIA only discusses matter of K itself and the facts of matter of K. And as Judge Harris was discussing with opposing counsel, matter of K certainly were statements made to a police officer out of court. However, matter of J, which is the initial case that brought up these protections, was questions that were being asked by an inquiry officer when someone was seeking admission to the United States. And so much more akin to court proceedings, similar to a matter of EV and matter of GM. And so while matter of K may have this slight distinction about where this admission came from, there's nothing in the case law that says it should be limited to that. The language from matter of K specifically states that the rules were promulgated not based on any specific statutory requirement, but were adopted for the purpose of ensuring the alien would receive fair play and to preclude any possible later claim by him that he'd been unwittingly entrapped into admitting the commission of a crime. And I think that goes to the point of burden of proof. This was an application for relief versus removability, but matter of K does not make any difference related to that. It's just making sure these protections are in play before someone is saddled with having admitted to committing a crime or the essential elements of a crime, which the back and forth here about whether he did or didn't admit to the substance being cocaine is precisely why matter of K is so critical. Had the elements been laid out and had he been directly asked the elements, we wouldn't be here arguing about whether the judge's naming convention of calling it cocaine, similar to the police report, calling it cocaine, but not actually having identified that substance. Would you agree that the fair play concern for entrapment would be addressing the immigration personnel in picking the man up or interviewing the man or what other pre-court process, but entrapment could hardly be an issue when the man sits in court under oath with his own attorney and he testifies to questions by the IJ. That's not entrapment, could ever be, could it? Your Honor, I would argue that it is unwitting entrapment for the immigration judge to continuously call it cocaine without ever asking him directly if it was in fact cocaine. He had his lawyer sitting there beside him. He had his lawyer with him. And I don't know how you discount that fact. This guy's represented by counsel. Yes, Your Honor. And I understand that the respondent in this case argues that Urzula makes that mention that in that case, the petitioner was represented by counsel. But matter of K, matter of J and the whole line of cases make no mention about whether a petitioner is represented or not when they're having that admitting the essential elements of the crime. The respondent here relies heavily on Urzula Kovarubias. However, as Judge Harris pointed out, this was an alien smuggling case, very different than what we have in front of us here. In that case, it all goes down to 1101F, which is good moral character, which is the issue here. In our case, 1101F is an issue because of 1182A2. If in Urzula Kovarubias, the 1101F statute is the factual finding that the petitioner helped someone enter the United States unlawfully. And so when we get into these elements and the complexity here and the long line of North Carolina case law and the elements of these crimes, that is why we have matter of K. And that is why it is critical for this court to not overturn this longstanding precedent. And while the respondent argues that there's no case law because it never comes up, perhaps it never comes up because the judges follow matter of K. And so we don't end up in this position like we are today. I see that I'm out of time, Your Honors. Yeah. Well, thank you, Ms. Grafton. I also want to note that you have interjected a wonderful hope with your cherry blossoms behind you. And in these weather conditions, that's very nice also. Thank you, Your Honor. All right. We'll proceed on to the next case. And we thank you, counsel. Incidentally, both of you, we would normally come down and shake hands with you. As you know, that's the custom in the Fourth Circuit. And we treasure that and we miss that. But we'll have to extend it to you virtually. And thank you both for your arguments. With that, we'll go on to our next case.
judges: Paul V. Niemeyer, Robert B. King, Pamela A. Harris